

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-1222
Re: Can the commissioners' court allow monthly expense accounts if the officers who make such sworn reports appear before the court and make sworn reports covering expense accounts for the months in 1937 and 1938 which they fail to report?

Your request for an opinion on the question, as is herein stated, has been received by this department.

We quote from your letter of August 30, 1939, as follows:

"The conditions that exist in this county are as follows:

"Clay County has been, for the past several years strictly on a fee basis and the officers are being paid a small ex officio salary with exception of the Tax Assessor-Collectors' office which was not paid an ex officio salary in 1938. The officers have each submitted an annual report for the years 1937 and 1938, but with the exception of the Tax Assessor Collectors' office and the County Clerk's office (the County Clerk having filed only 22 out of the required 24 monthly reports. None of the remaining officers of Clay County submitted any monthly reports.

"In February of this year we contracted with J. B. Allred & Company, Auditing firm

Hon. Wayne Lefevre, page 2

to make a detailed audit of all fee offices of Clay County. This audit showed that each officer of Clay County had failed to submit sworn monthly expense accounts with the exception of the Tax Assessor Collector who had submitted the reports as required by Article 3899 as amended, R.C.S. Immediately following this audit the ex officials of the respective offices asked the commissioners' court to allow them to submit sworn monthly expense accounts for the years 1937 and 1938. The commissioners' court of Clay County entered an order in its minutes which is as follows: To quote-

"'We hereby allow the officers to submit sworn monthly statements for the years 1937 and 1938 provided we are acting within our legal authority to do so. The legal authority which we refer to shall be based upon a ruling of the Attorney General, as to our authority for accepting reports submitted in the year 1939 covering the monthly reports which should have been submitted in the years of 1937 and 1938.'

"In other words we want to only allow the expenses which are just and correct according to the statutes of Texas.

"The commissioners' court of Clay County accepted the Annual Account of the Ex County Judge for the year 1938 with the same reservation as with regard to monthly reports with this exception, that the County Judge's annual report was subject to an audit. As far as we are able to find the minutes of the commissioners' court for the years 1937 and 1938 do not carry a record of any annual reports being approved by the commissioners' court."

Hon. Wayne Lefevre, page 3

As we construe your question, you desire to know whether or not the commissioners' court can legally allow expenses incurred under Article 3899, Vernon's Civil Statutes, and related fee statutes, when the county officials fail to file their monthly reports for the years 1937 and 1938 as required by Article 3899, supra, and who now want to file such reports and claim such expenses.

Articles 3896, 3897, 3898, and Section (a) of Article 3899, Vernon's Civil Statutes, read as follows:

"Article 3896. To keep accounts

Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the commissioners' court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.

"Article 3897. Sworn statement

Each district, county and precinct officer, at the close of each fiscal year

Hon. Wayne Lefevre, page 4

(December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the commissioners' court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office.

"Article 3898. Fiscal year

The fiscal year, within the meaning of this Act, shall begin on January 1st of each year; and each district, county and precinct officer shall file his report and make the final settlement required in this Act not later than February 1st of each year; provided, however, that officers receiving an

Hon. Wayne Lefevre, page 5

annual salary as compensation for their services shall, by the close of each month, pay into the Officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month. Whenever such officer serves for a fractional part of the fiscal year, he shall nevertheless file his report and make final settlement for such part of the year as he serves and shall be entitled to such proportionate part of his compensation as the time for his service bears to the entire year.

"Article 5899. Expense account

(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The commissioners' court of the county of the Sheriff's residence may upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense

account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy. The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. The commissioners' court of the county of the sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be and remain in the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

It is evident that the Legislature intended such monthly reports to form a part of the fiscal annual reports as required by Article 3897, supra.

Hon. Wayne Lefevre, page 7

This statute alone does not cover the subject of expenses as set forth in Article 3899. In order for final settlement to be made as required by Article 3898, it is a necessary prerequisite for both, the monthly report and the annual statement to be made by the officers.

Article 102 of the Penal Code reads as follows:

> "Any county officer or any district attorney to whom fees or costs are allowed by law who shall fail to charge up the fees or costs that may be due under existing laws, or who shall remit any fee that may be due under the laws, or who shall fail to make the report required by law, or who shall pay his deputy, clerk or assistant a less sum than specified in his sworn statement, or receive back as a rebate any part of the compensation allowed such deputy, clerk or assistant, shall be fined not less than twenty-five nor more than five hundred dollars. Each act forbidden by this article is a separate offense."

It will be noted that under Section (a) of Article 3899, supra, applicable to fee officers of the county, requires each office named in the maximum fee law (now Articles 3883-3891, Vernon's Civil Statutes, as amended) to make a monthly itemized and sworn statement of all the actual and necessary expenses incurred by such officer in the conduct of his office.

Apparently, it was the intention of the Legislature in providing this accounting procedure, to afford protection to counties and make it easier for their financial agents to check up and follow the expenditures of funds on behalf of the counties for necessary supplies and other items mentioned in Article 3899, supra, when such expenditures are made by its officers. McAskill v. Bexar County (C.C.A., 1925) 280 S.W. 851, writ dismissed.

In State v. Carnes (C.C.A., 1937) 106 S.W. (2d) 397, the court speaking of a statute requiring the sheriff to submit itemized and verified accounts which he had not done in the manner provided by statutes said:

> "The statutes were substantially complied with. The requirement relating to the form in which sheriff's expenditures for this purpose are to be presented to the Commissioners' Court were not intended as limitations on the power of that body."

In the recent case of Pierson v. Galveston County, 131 S.W. (2d) 27, decided by the Austin Court of Civil Appeals, the issue of certain lump sum items claimed by Pierson as reimbursements for postage, traveling expenses and messenger service was before the court. The facts disclosed three lump sum items contained in Pierson annual report for 1935 and 1936, and further, that Pierson made no monthly statements as required by Article 3899, supra. We quote from the opinion rendered by the court in this case as follows:

> "This statute was complied with at the beginning of 1935 and the deputy authorized and her salary fixed at $60 per month. To grant or approve a salary raise to operate retrospectively would, we hold, be a clear violation of our state constitution. Art. 3, § 53, Vernon's Annotated Statutes, Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S. W. (2d) 265; Turner v. Barnes, Tex. Civl App., 19 S.W. (2d) 325, affirmed on other grounds, Tex. Com. App., 27 S.W. (2d) 532. The rule laid down in Cameron County v. Fox, Tex. Com. App., 61 S.W. (2d) 483, is not applicable here. There the tax collector, without previous authority, employed and paid salaries to deputies, the items being reported in his account, which was audited and approved by the commissioners' court. It was held that

Hon. Wayne Lefevre, page 9

it was not essential to obtain approval in advance of employment of deputies; that the commissioners' court had power to ratify what it had the original power to authorize. Here the application had been made and the salary fixed by the commissioners' court in advance of the services performed thereunder. The commissioners' court clearly had no power thereafter to increase the salary for services already performed under authority of its order. The value of the services performed cannot be inquired into. Nor is it material that the justice actually paid the full $75 to the deputy each month as the services were rendered.

"The other recovered items in dispute were those in the following quotation from Pierson's 1935 and 1936 annual reports:

| 1 9 3 5 | | 1 9 3 6 | |
|---|---|---|---|
| Postage ............. | $60. | Postage......... | $55 |
| Traveling Expenses.. | 50. | Traveling Expen. | 50 |
| Messenger Service... | 15. | Messenger Serv. | 15 |

"Pierson made no monthly statements as required in the following portion of R.C.S., Article 3899: 'At the close of each month of his tenure of such office each officer whose fees are affected by the provisions of this law shall make as a part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses and other necessary expense. If such expense be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the county auditor, if any, and if it appear that any item of such expense was not incurred by such officer, or

Hon. Wayne Lefevre, page 10

that such item was not necessary thereto,
such item may be by such auditor or court
rejected. In which case the correctness of
such item may be adjudicated in any court
of competent jurisdiction. * * * '

("The manifest purpose of this statute
was to provide a means of ascertaining the
correctness of expense items each month as
they are incurred. The actual expenses paid
or incurred constitute the measure of the
official's right to recoupment. The monthly
itemization is for the protection of the
county by affording a means of ascertaining
the fact and amount of such claimed item of
expense and whether it was properly charge-
able as such. It is manifest from the annual
reports and confirmed by the evidence that
these expenses were merely estimated and a
lump sum given each year. The statute would
be of no value if its salutory provisions
could be evaded in this manner. We hold the
items properly disallowed by the commissioners'
court, and the trial court's judgment correct
in denying recovery therefor."

Under Article 3899, supra, each officer is
required, as a part of his monthly report, to make a
statement of the expenses incurred by him in the con-
duct of his office; and it is provided that the amount
thereof shall be deducted by the officer in making
the report from the amount of current fees, if any,
due by him to the county.

The account is subject to the audit of the
county auditor, if any, or otherwise by the commis-
sioners' court.

Ordinarily statutes that regulate and prescribe
the time within which an officer shall perform speci-
fied duties are regarded as merely directory insofar
as the time is concerned. Though, the officer neglects

Hon. Wayne Lefevre, page 11

to act within the time prescribed, if he acts afterwards the public will not be permitted to suffer by the delay. Federal Crude Oil Co. v. Yountlee Oil Co. 52 S.W. (2d) 56; Truehart v. Addicas 2 Tex. 217; Tex. Jur., Vol. 34, p. 456.

Powers granted to officers must be exercised, and duties imposed on them must be performed in the manner prescribed by law. An officer is not permitted to vary the prescribed mode of performance of his duties. Camp v. Thomas, 26 S.W. (2d) 470; Bryan v. Sundberg 5 Tex. 418; Tex. Jur., Vol. 34, p. 456.

We are mindful of the rule that what the commissioners' court could authorize in the first instance, it may subsequently ratify, but we can see no application to the situation at hand upon such facts as presented to this department. Public officers are charged with knowledge of the duties imposed upon them by law and where the Legislature has prescribed a procedure and method for the performance of such duties, they cannot ignore such procedure or choose other methods and the above quoted statutes provide the method and manner by which officers who are compensated on a fee basis shall present an itemized and sworn statement of all the actual necessary expenses incurred by them in the conduct of their offices at the close of each month of their tenure of office. Such expense account shall be subject to the audit of the county auditor, if any, otherwise by the commissioners' court and if it appears that any item of such expense was not incurred by such officers or such item was not necessary expense of office, such item shall be, by such auditor or court, rejected, in which case the collection of such item may be adjudicated in any court of competent jurisdiction.

Not only is it the duty of an officer to make his reports as required by Article 3898, supra, but Article 102 of the Penal Code, above quoted, makes it a penal offense for failure to make the reports as required by the statutes.

Under the facts presented in your inquiry, the

county clerk substantially complied with the requirements of Article 3899, in filing 22 monthly reports during the years of 1937-1938 and should receive the benefits of these reports for the months for which they were filed.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that county officials who are compensated on a fee basis who fail to make their monthly reports as required by Section (a) of Article 3899, supra, for the years 1937 and 1938 cannot file such reports at this time and claim such expenses as might have been allowed under the monthly reports had they been filed in compliance with the statutes requiring a monthly report to be filed at the close of each month of their tenure of office. However, this opinion is not to be construed as holding that those officers who failed to make the required monthly reports are not entitled to the actual items of expenses as can be determined, from clear and convincing proof to have been actually and necessarily incurred by them in the legal conduct of their offices upon a proper showing to the county auditor and commissioners' court. We are of the opinion that such expenses as can be shown to be correct by proper methods other than the monthly reports can be allowed.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

AW:ob

APPROVED DEC 14 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN